# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ANDRE JACKSON** | ) | Civil Action No. 7:18CV00362 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **B. CASTEVENS**, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Andre Jackson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging violations of his First, Fifth, and Eighth Amendment rights. Defendants B. Castevens, John Bowers, E. McGuire, B. L. Kanode, John Coe, H. Sharpe, Jane Wall,[2] and Harold Clarke filed a motion to dismiss,[3] and Jackson responded, making this matter ripe for disposition. Upon review of the record, I conclude the defendants' motion to dismiss must be denied as to Correctional Officer ("C/O") Castevens, C/O Bowers, and C/O McGuire and that defendants' motions to dismiss must be granted as to Warden Kanode, Sgt. Coe, Maj. Sharpe, Nurse Wall, and Director Clarke.

## I.   Factual Background

On March 23, 2018, after a medical transport, Jackson was placed into a medical isolation cell at River North Correctional Center ("RNCC") until his Remote Activated Custody and Control ("RACC") belt could be removed. C/O Castevens threatened "to get [Jackson] back for filing grievances and receiving infractions." Compl. 2 (Dkt. No. 1). C/O Castevens then

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] On October 23, 2018, I granted Jackson's motion to substitute Nurse Wall in place of defendant River North Medical Center (Dkt. No. 18).

[3] On November 1, 2018, all of the defendants filed a motion to dismiss. (Dkt. 27). On November 2, 2018, defendants Warden Kanode, Sergeant Coe, Major Sharpe, Director Clarke, and Nurse Wall filed an amended motion to dismiss. (Dkt. 30). I note that the motion and amended motion are substantially similar except the amended motion excludes correctional officers Castevens, Bowers, and McGuire. However, the defendants did not provide a reason for filing the amended motion, and, accordingly, I will adjudicate both.

conversed with C/O Bowers and C/O McGuire, although Jackson was unable to hear what was discussed. C/O Castevens told Jackson that "a lesson was about to be taught" and then he activated Jackson's RACC belt, causing it to shock Jackson. *Id.* at 3. According to Jackson, C/O Bowers, C/O McGuire, and C/O Castevens were "conspiring with one another to inflict physical harm" in retaliation for Jackson's exhaustion of administrative procedures and appeal of disciplinary infractions. *Id.* Jackson saw the correctional officers laughing at his reactions to being electrocuted. After waiting for 45 minutes, Jackson was treated by Nurse Wall.

On April 4, 2018, Jackson filed an informal grievance regarding the incident. Maj. Sharpe responded on April 11, 2018, finding the grievance to be unfounded. Jackson appealed. On May 1, 2018, Warden Kanode upheld Maj. Sharpe's decision stating that "the electronic belt was accidentally activated by the Correctional Officer who was removing the restraints. There is no indication of malice or ill intent surrounding the incident." Resp. to Mot. to Dismiss, Exh. 1, 1 (Dkt. No. 36-1). Jackson appealed. On June 15, 2018, Regional Administrator Marcus Elam overturned Warden Kanode's decision, deeming the grievance founded and stating that "[p]rocedure violations are noted and steps have been taken to help ensure that staff is more cautious in the future so that reoccurrences do not take place." *Id.* at 3.

Liberally construed, Jackson's claims are that: (1) C/O Castevens used excessive force against Jackson without provocation in violation of the Eighth Amendment; (2) C/O Castevens, C/O Bowers, and C/O McGuire retaliated against Jackson in violation of the First Amendment; (3) C/O Bowers and C/O McGuire are liable as bystanders; (4) Nurse Wall acted with deliberate indifference to Jackson's serious medical needs; (5) Warden Kanode, Sgt. Coe, Maj. Sharpe, and Director Clarke are liable for claims 1–4 under the theory of supervisory liability; and (5)

Warden Kanode and Maj. Sharpe did not follow proper Virginia Department of Corrections ("VDOC") procedure with respect to Jackson's grievances.[4]

## II. Legal Standard

A complaint need only contain "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept as true all well-pleaded allegations. *See Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court need not "accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). "Factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, with all allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require

---

[4] To the extent that Jackson argues that defendants denied Jackson "access to the courts," Jackson fails to state a claim. An access to the courts claim "must state with specificity the underlying cause of action, whether anticipated or lost, and must also identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Hopkins v. Clarke*, No. 16CV00210, 2016 U.S. Dist. LEXIS 144446, at *5, 2016 WL 6092719, at *2 (W.D. Va. Oct. 19, 2016); *see also Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (Prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access."). Here, Jackson merely adds "access to courts" to his list of claims, but fails to plead any facts to support such a claim.

heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Analysis

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Notably, a plaintiff must sufficiently allege a defendant's personal act or omission leading to a deprivation of a federal right. *See Fisher v. Washington Metro. Area Transit Author.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). Negligent deprivations are not actionable under § 1983. *See, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

#### A. Supervisory Liability

Jackson alleges that Warden Kanode, Sgt. Coe, Maj. Sharpe, and Director Clarke are liable for the alleged constitutional violations as supervisors of C/O Castevens, C/O Bowers, and C/O McGuire. A supervisory officer may not be held liable merely under a theory of *respondeat superior* in a § 1983 action. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978); *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Rather, supervisory liability requires facts showing: (1) that the defendants had actual or constructive knowledge that their subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to Jackson; (2) that the defendants' response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"; and (3) that

there was an "affirmative causal link" between the defendants' inaction and the particular constitutional injury suffered by Jackson. *See Shaw*, 13 F.3d at 799.

Jackson fails to allege any basis for supervisory liability by Warden Kanode, Sgt. Coe, Maj. Sharpe, and Director Clarke. With respect to Director Clarke, Jackson relies solely on the fact that Director Clarke "is responsible for all employees of the VA Dept. of Corrections and supervisor liability applies to him also." Compl. 5. Such a statement is insufficient to establish supervisory liability against Director Clarke. Regarding Warden Kanode and Maj. Sharpe, Jackson does not plead any facts necessary to establish supervisory liability. Jackson's assertions against Warden Kanode and Maj. Sharpe are based solely on their involvement in the grievance process. With respect to Sgt. Coe, Jackson claims that Sgt. Coe was present in the medical unit at RNCC and that he "never attempted to prevent the officers from inflicting harm, nor did he discipline the officers after the incident." *Id.* at 2-3. However, Jackson does not plead facts to establish that Sgt. Coe had actual or constructive knowledge that C/O Castevens was going to activate the RACC belt and, therefore, Jackson's pleading does not establish supervisory liability as to Sgt. Coe.[5] Accordingly, I will grant the defendants' motions to dismiss as it relates to claims under the theory of supervisory liability against Warden Kanode, Director Clarke, Maj. Sharpe, and Sgt. Coe.

**B. VDOC Grievance Procedures**

Jackson alleges that Warden Kanode and Maj. Sharpe responded to his grievances and appeals in violation of VDOC policies. "The Constitution creates no entitlement to grievance

---

[5] To the extent that it can be liberally construed that Jackson claims that Sgt. Coe is liable as a bystander, Jackson does not plead sufficient facts to support such a claim. Under a theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002). Jackson does not plead any facts to establish that Sgt. Coe knew that C/O Castevens was violating Jackson's constitutional rights or that Sgt. Coe had the opportunity to prevent such harm. Accordingly, I decline to construe a bystander liability claim against Sgt. Coe.

procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). While state regulations may provide for more stringent procedural protections than the Constitution requires, "a state's failure to abide by its own law as to procedural protections is not a federal due process issue." *Brown v. Angelone*, 938 F. Supp. 340, 344 (W.D. Va. 1996) (citing *Riccio v. County of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990)). Therefore, Jackson has not stated a cognizable § 1983 claim against Warden Kanode and Maj. Sharpe for their involvement in the grievance process. Accordingly, I will grant defendants' motions to dismiss as to this claim.

### C. Deliberate Indifference

Jackson asserts that Nurse Wall failed to provide him with adequate medical assistance in violation of the Eighth Amendment. To state a claim for denial of medical care or inadequate medical treatment under the Eighth Amendment, an inmate must allege facts sufficient to demonstrate deliberate indifference to a serious need. *See Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner was suffering from a serious medical need and that, subjectively, prison staff were aware of the need for medical attention but failed either to provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A complaint must "demonstrate officials' deliberate indifference to a 'serious' medical need that has either been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

Jackson does not establish that Nurse Wall failed to provide him with necessary medical care. Jackson's vague assertions fail to demonstrate that Nurse Wall "actually knew of and disregarded a substantial risk of serious injury . . . or that she actually knew of and ignored a . . .

6

serious need for medical care." *Goodman v. Runion*, 676 F. App'x 156, 159 (4th Cir. 2017) (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001)). Jackson relies solely on the conclusory allegation that Nurse Wall "failed to provide the proper care for injuries when the incident happened." Compl. 3. Jackson acknowledges that Nurse Wall treated him for his injuries but fails to specifically allege how such treatment was insufficient.

Jackson also does not adequately allege that he suffered any injury because of a delay in treatment. In order to state a claim that a delay in medical treatment was a violation of his Eighth Amendment rights, Jackson must demonstrate that the delay caused him "substantial harm." *See Barley v. New River Valley Reg'l Jail Med. Dep't*, No. 7:16CV00280, 2017 U.S. Dist. LEXIS 30782, 2017 WL 888367, at *5 (W.D. Va. Mar. 6, 2017) (quoting *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)); *see also Webb v. Hamidullah*, 281 F. App'x 159, 166-67 & n.13 (4th Cir. 2008) (explaining that where an Eighth Amendment claim is predicated on a delay in the provision of medical care, the plaintiff must demonstrate "that the delay resulted in substantial harm"). Jackson does not plead that any injuries he suffered were caused by the 45-minute delay before he received treatment. Accordingly, I will grant defendant Nurse Wall's motions to dismiss as to this claim.

**D. Excessive Force, Retaliation, and Bystander Liability**

Defendants' motions do not address Jackson's claims of excessive force against C/O Castevens; retaliation against C/O Castevens, C/O Bowers, and C/O McGuire; or bystander liability against C/O Bowers and C/O McGuire. Accordingly, these claims remain in this action.

## IV. Conclusion

For the reasons stated, I will deny the motion to dismiss as it pertains to C/O Castevens, C/O Bowers, and C/O McGuire, and grant the motions to dismiss as they pertain to Warden Kanode, Sgt. Coe, Maj. Sharpe, Nurse Wall, and Director Clarke.

Entered this 12th day of July, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE