# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ANDRE JACKSON** | ) | **Civil Action No. 7:18CV00362** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **B. CASTEVENS,** *et al.*, | ) | **By: Norman K. Moon** |
| Defendants. | ) | **United States District Judge** |

Andre Jackson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging claims of excessive force, retaliation, and bystander liability.[2] Defendants B. Castevens, John Bowers, and E. McGuire filed answers to Jackson's complaint, Jackson filed a motion for summary judgment, and the defendants failed to respond to Jackson's motion, making this matter ripe for disposition. Upon review of the record, I conclude Jackson's motion for summary judgment must be granted in part as it relates to the excessive force and retaliation claims against Correctional Officer ("C/O") Castevens and denied in part as it relates to the bystander liability and retaliation claims against C/O Bowers and C/O McGuire.

## I. Factual Background

The uncontroverted evidence,[3] as is relevant to the remaining claims, provides that on March 23, 2018, after a medical transport run, Jackson was placed into a medical isolation cell at River North Correctional Center until his Remote Activated Custody and Control ("RACC") belt could be removed. C/O Castevens threatened "to get [Jackson] back for filing grievances and receiving infractions." Compl. 2 (Dkt. No. 1). C/O Castevens then conversed with C/O Bowers

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] On July 12, 2019, I granted defendants B.L. Kanode, John Coe, H. Sharpe, Jane Wall, and Harold Clarke's motions to dismiss as to all claims against them. (Dkt. No. 46). The only remaining claims of excessive force, retaliation, and bystander liability are against defendants B. Castevens, John Bowers, and E. McGuire.

[3] Jackson filed a verified complaint, response to motion to dismiss, and motion for summary judgment. Defendants have provided the court with no evidence.

and C/O McGuire, although Jackson was unable to hear what was discussed. C/O Castevens told Jackson that "a lesson was about to be taught" and then he activated Jackson's RACC belt, causing it to shock Jackson. *Id.* at 3. According to Jackson, C/O Bowers, C/O McGuire, and C/O Castevens were "conspiring with one another to inflict physical harm" in retaliation for Jackson's exhausting administrative procedures and appealing disciplinary infractions. *Id.* Jackson saw all of the defendants laughing at his reactions to being electrocuted.

Liberally construed, Jackson's remaining claims are that: (1) C/O Castevens used excessive force against Jackson in violation of the Eighth Amendment; (2) C/O Castevens, C/O Bowers, and C/O McGuire retaliated against Jackson in violation of the First Amendment; and (3) C/O Bowers and C/O McGuire are liable under bystander liability.

## II. Legal Standard

Federal Rule of Civil Procedure 56(a) provides that a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute over a material fact must be genuine, "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). As such, the moving party is entitled to summary judgment if the evidence supporting a genuine issue of material fact "is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249.

The moving party bears the burden of proving that judgment on the pleadings is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the moving party meets this burden, then the nonmoving party must set forth specific, admissible facts to demonstrate a

genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 322-24; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). However, the nonmoving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

Jackson is proceeding *pro se* and, thus, entitled to a liberal construction of the pleading. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In the Fourth Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

### III. Analysis

**A. Excessive Force**

Jackson claims that C/O Castevens used excessive force when he activated Jackson's RACC belt. To succeed on an excessive force claim, a plaintiff must show that the prison official (1) used "nontrivial" force (objective component), *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), and (2) acted with "wantonness in the infliction of pain" (subjective component), *Whitley v. Albers*, 475 U.S. 312, 322 (1986). In the prison context, analysis of the subjective component

3

"ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Whitley*, 475 U.S. at 321; *see, e.g.*, *Wilkins*, 559 U.S. at 34.

Jackson, based on his personal knowledge, avers that he was awaiting the removal of his RACC belt when C/O Castevens shocked him. Activating the RACC belt and shocking Jackson satisfies the objective component for excessive force. With respect to the subjective component, there is no evidence that C/O Castevens was attempting to maintain or restore discipline. Before shocking Jackson, C/O Castevens said "a lesson was about to be taught" and then laughed after Jackson was electrocuted. Compl. 2-3. The only evidence before the Court establishes that C/O Castevens activated the RACC belt to cause Jackson harm. I conclude that no genuine dispute of material fact exists and that Jackson is entitled to judgment as a matter of law. Accordingly, I will grant summary judgment against C/O Castevens, in favor of Jackson.

### B. Retaliation

Jackson argues that C/O Castevens, C/O Bowers, and C/O McGuire retaliated against him in violation of his First Amendment rights. "A plaintiff seeking to assert a § 1983 claim on the ground that he experienced government retaliation for his First Amendment-protected speech must establish three elements: (1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). The causation

element is "rigorous" because the "claimant must show that 'but for' the protected expression the [state actor] would not have taken the alleged retaliatory action." *Id.*; *see Tobey v. Jones*, 706 F.3d 379, 390 (4th Cir. 2013). Thus, "[i]n order to establish [a] causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [him] engaging in protected activity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005).

"A plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of [the protected] rights." *Id.* at 500. The plaintiff must allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right and show that he suffered more than *de minimis* inconvenience. *Am. Civ. Liberties Union v. Wicomico Cnty.*, 999 F.2d 780, 785-86 n.6 (4th Cir. 1993).

With respect to C/O Castevens, Jackson asserts in his verified complaint and response to defendants' motion to dismiss that C/O Castevens told him that "a lesson was about to be taught" and that C/O Castevens was going to "get [Jackson] back for filing grievances and receiving infractions." *See* Compl. 2-3; Resp. to Mot. to Dismiss 4 (Dkt. No. 36). Filing a grievance is a protected First Amendment activity. *See Booker v. South Carolina Dep't of Corr.*, 855 F.3d 533, 543-45 (4th Cir. 2017) ("[Plaintiff's] right to file a prison grievance free from retaliation was clearly established under the First Amendment"). The uncontroverted evidence establishes that C/O Castevens shocked Jackson because Jackson engaged in the filing of grievances. I conclude that no genuine dispute of material fact exists and that Jackson is entitled to judgment as a matter of law. Accordingly, I will grant summary judgment against C/O Castevens, in favor of Jackson.

With respect to C/O Bowers and C/O McGuire, Jackson has not established that these officers acted in retaliation for Jackson's filing of grievances. Jackson alleges that C/O Bowers

5

and C/O McGuire conspired with C/O Castevens "to inflict physical harm with ill intent, in retaliation for exhausting administrative procedures and appealing disciplinary infractions." Compl. 3. However, Jackson pleads no personal knowledge as to what the correctional officers discussed. Specifically, Jackson acknowledges that he was unable to hear the correctional officers conversing just before C/O Castevens shocked him. Accordingly, Jackson has not shown that he is entitled to judgment as a matter of law, and I must deny summary judgment as it pertains to the retaliation claims against C/O Bowers and C/O McGuire.

### C. Bystander Liability

Liberally construed, Jackson alleges that C/O Bowers and C/O McGuire are liable as bystanders for C/O Castevens' action. Under a theory of bystander liability, an officer may be liable if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.*" Randall v. Prince George's Cnty.*, 302 F.3d 188, 204 (4th Cir. 2002).

In Jackson's verified pleadings, he does not demonstrate the personal knowledge required to establish that C/O Bowers and C/O McGuire conspired with C/O Castevens. Although Jackson states that the correctional officers conversed together before he was shocked, Jackson does not know what was discussed. Jackson has not demonstrated through admissible evidence that either C/O Bowers or C/O McGuire knew that C/O Castevens was going to shock Jackson or that either of them had a reasonable opportunity to stop it. Accordingly, I must deny Jackson's motion for summary judgment as to this claim.

### IV. Conclusion

For the reasons stated, I will grant Jackson's motion for summary judgment in part as it relates to the excessive force and retaliation claims against C/O Castevens and deny Jackson's

motion for summary judgment in part as it relates to the retaliation and bystander liability claims against C/O Bowers and C/O McGuire.

Entered this  12th day of July, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE