# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE JACKSON | ) | Civil Action No. 7:18CV00362 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| B. CASTEVENS, *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Andre Jackson, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983,[1] alleging claims of excessive force, retaliation, and bystander liability, and making passing references to other potential claims, as well, including state-law claims. (*See* Compl. 4–5, Dkt. No. 1.) Defendants filed a motion to dismiss, to which Jackson responded, and Jackson filed a motion for summary judgment, to which defendants failed to respond. By memorandum opinion and order entered July 12, 2019, I addressed the motion to dismiss and dismissed a number of defendants from the case, leaving only claims of excessive force, retaliation, and bystander liability as against three defendants—Correctional Officer ("C/O") Castevens, C/O Bowers, and C/O McGuire. (Dkt. Nos. 45, 46.)[2] On the same date, I also granted Jackson's motion for summary judgment in part and denied in part. (Dkt. Nos. 47, 48.) Specifically, I granted the motion in Jackson's favor as to his excessive force and retaliation claims against Castevens, and I denied it in part as to his bystander liability and retaliation claims against Bowers and McGuire. I further directed Bowers and McGuire to file a motion for summary judgment within sixty days. (Dkt. No. 48.)

---

[1] I omit internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n.6 (4th Cir. 2017).

[2] I noted that only those claims remained, implicitly suggesting that the other claims Jackson references in passing are no longer part of the case. Nonetheless, neither of my opinions directly addressed those other claims, and defendants Bowers and McGuire have expressed confusion about whether those other claims survived my prior opinions and have moved for summary judgment on them. Accordingly, I will address them briefly in the context of the defendants' summary judgment motion. *See infra* note 6.

Since entry of that order, three motions have been filed and are addressed herein. First, Castevens filed a motion for reconsideration concerning the grant of summary judgment against him. (Dkt. No. 49.) Second, Jackson filed a motion for reconsideration, arguing that his motion for summary judgment should have been granted as to his claims against Bowers and McGuire. (Dkt. No. 51.) Third, defendants Bowers and McGuire filed a motion for summary judgment as directed (Dkt. No. 52), which Jackson has opposed (Dkt. No. 55).

## I. BACKGROUND

In my prior opinion, and noting that defendants provided no evidence in opposition to Jackson's motion for summary judgment, I adopted as undisputed all facts that were sworn to by Jackson and that were within his personal knowledge. As a result, I described the "uncontroverted evidence" as follows:

> [O]n March 23, 2018, after a medical transport run, Jackson was placed into a medical isolation cell at River North Correctional Center until his Remote Activated Custody and Control ("RACC") belt could be removed. Castevens threatened "to get [Jackson] back for filing grievances and receiving infractions." Compl. 2 (Dkt. No. 1). Castevens then conversed with Bowers and McGuire, although Jackson was unable to hear what was discussed. Castevens told Jackson that "a lesson was about to be taught" and then he activated Jackson's RACC belt, causing it to shock Jackson. *Id.* at 3. According to Jackson, Bowers, McGuire, and Castevens were "conspiring with one another to inflict physical harm" in retaliation for Jackson's exhausting administrative procedures and appealing disciplinary infractions. *Id.* Jackson saw all of the defendants laughing at his reactions to being electrocuted.

(Mem. Op. Summ. J., Dkt. No. 47 at 1–2.)[3] I described Jackson's claims as claims that: "(1) Castevens used excessive force against Jackson in violation of the Eighth Amendment; (2)

---

[3] In my prior order, I previously referred to these three defendants with their title ("C/O") and name. All quotations in this opinion are altered to omit the C/O designation.

Castevens, Bowers, and McGuire retaliated against Jackson in violation of the First Amendment; and (3) Bowers and McGuire are liable under bystander liability." (*Id.* at 2.)

In affidavits included with Castevens's motion to reconsider and the motion for summary judgment by McGuire and Bowers, defendants have now provided competent and contrary evidence on some key points. First of all, Castevens testifies in his affidavit that, at the time of this incident, he had finished a medical transportation run for two offenders—Goodman and Jackson—and they had been placed in separate medical isolation cells until their RACC (Remotely Activated Custody and Control) belts could be removed. Castevens avers: "After removing the belt from offender Goodman, I checked the remote controller to make certain the belt had been deactivated. It was then that I accidentally engaged the wrong remote and caused offender Jackson's belt to discharge. We removed offender Jackson's belt and he was examined by a nurse. . . . I never, at any time, intentionally caused harm to Jackson." (Castevens Aff. ¶¶ 4, 6, Dkt. No. 50-1.) All of the incident reports and statements submitted with Castevens's affidavit, which were prepared on that date, are consistent with Castevens's description of the incident. Moreover, the contention that the activation of the belt was "accidental" or a mistake was also set forth in defendants' Answers. (*See* Dkt. Nos. 24, 26.)

Relevant to the retaliation claim, Castevens testifies that "[t]o the best of [his] knowledge and belief, offender Jackson has never filed a grievance involving me and I am unaware of any prior allegations or complaints from Jackson. . . . I do not retaliate against offenders for their grievances and legal actions." (Castevens Aff. ¶¶ 5, 6.) Additionally, Bowers and McGuire have submitted affidavits in which they state that they had "no knowledge of any pending grievances or complaints filed by Jackson." (McGuire Aff. ¶ 6, Dkt. No. 53-2; Bowers Aff. ¶ 6, Dkt. No. 53-1.)

3

## II. DISCUSSION

### A. Motions to Reconsider

In pertinent part, Rule 54(b) provides that "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Fourth Circuit has explained that "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson v. Boston Scientific Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (citations omitted).

#### 1. Castevens's Motion to Reconsider

Castevens offers three primary reasons why reconsideration is proper. (Mem. Supp. Mot. Reconsider 4–5, Dkt. No. 50.) First, Castevens points to his own affidavit and states that the trial in the matter will produce substantially different evidence that that presented in Jackson's verified complaint. He argues that the court should allow a single factfinder to determine the subjective intent of all of the named defendants, rather than having that issue precluded by the court's interlocutory ruling, which gives rise to the possibility of inconsistent judgments among defendants. (*Id.* at 4.)

Second, he explains that, especially in light of the procedural posture in the case, he "should not be penalized for his prior attorney's decision to not respond to the plaintiff's motion." (*Id.* at 6.)[4] He points out that, at the time Jackson's motion was filed, and through the

---

[4] Prior counsel left the Office of the Attorney General; new counsel took over several weeks before the summary judgment ruling.

date it was ruled upon, Castevens's motion to dismiss was pending and discovery had been stayed; that no exhibits, affidavits or other documentation were submitted with the *pro se* motion or incorporated by reference; that he was not put on notice that the court would consider Jackson's verified complaint as evidence in support of the summary judgment motion or that it might enter judgment against him (*id.* at 6); and that judges of this court "typically direct[] counsel to respond to *pro se* motions" that the court would like to consider on their merits, (*id.* at 2 n.1).

These first and second factors,[5] especially taken together, convince me that reconsideration is warranted and that failing to reconsider my ruling would result in manifest injustice. *See Am. Canoe Ass'n v. Murphy Farms*, 326 F.3d 505, 514–15 (4th Cir. 2003) (discussing the district court's discretion to reconsider interlocutory rulings and explaining that "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law."). In particular, given the procedural posture of the case (in which Castevens's motion to dismiss was pending and discovery was stayed), the fact that plaintiff did not include or incorporate by reference the materials that I ultimately relied on, and the typical practices of this court, it is understandable that prior counsel might have thought a response to the motion was not required. Counsel's failure must be considered, moreover, in connection with the different evidence that has now been presented. Further, my prior ruling, although utilizing a different procedural mechanism, was akin to granting a default judgment against Castevens.

---

[5] In his third ground for relief, Castevens argues that—even considering only the evidence that was in the record at the time of the summary judgment ruling—I erred in concluding that the evidence was sufficient for plaintiff to carry his burden of proving Castevens's subjective intent, especially when viewed in the light most favorable to the defendant. (Mem. Supp. Mot. Recons. 4, 7–9.) As part of this ground, he contends that I improperly considered allegations in the verified complaint—which was not incorporated by reference—in support of Jackson's summary judgment motion, which is different than allowing consideration of the sworn complaint in opposition to a summary judgment motion. I do not reach this third ground because I find the first two sufficient to grant reconsideration.

That seems particularly harsh given that Castevens had answered and denied the allegations, had filed a motion to dismiss, and where plaintiff had not attached any documents or other evidence to his summary judgment motion. *See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. . . . This imperative arises in myriad procedural contexts, but its primacy is never doubted."); *id.* at 417 n.3 (emphasizing the "longstanding policy in favor of merits-based adjudication" and the importance of not depriving parties of their "fair day in court"). Accordingly, for all of these reasons, I will grant Castevens's motion to reconsider and vacate my grant of summary judgment against him.

Castevens has not moved for summary judgment in his favor, however, and with good reason. It is clear that there remain disputes of fact as to both the excessive force claim and the retaliation claim against him. For his part, Castevens denies any personal knowledge of any grievance activity by Jackson and maintains that he accidentally activated Jackson's RACC belt. Jackson, however, has offered sworn evidence that, shortly before activating Jackson's RACC belt, Castevens told him that "a lesson was about to be taught" and that Castevens was going to "get [Jackson] back" for filing grievances. (*See* Compl. 2–3, Dkt. No. 1.) Thus, there are disputes of fact concerning whether Castevens acted with "wantonness in the infliction of pain," *Whitley v. Albers*, 475 U.S. 312, 322 (1986), such that he shocked Jackson "maliciously and sadistically for the very purpose of causing harm," *Hudson v. McMillian*, 503 U.S. 1, 6 (1992), or whether the activation was instead accidental. There are also genuine disputes of material fact as to whether Jackson has shown a "causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). Specifically, to succeed,

Jackson must show that "but for" the filing of his grievances, Castevens would not have shocked him. *See id.* Thus, these claims against Castevens will be set for trial.

   **2. Jackson's Motion to Reconsider**

I denied Jackson's motion for summary judgment as to his retaliation claims and bystander liability claims against Bowers and McGuire. In his motion to reconsider, Jackson argues that he presented sufficient evidence to entitle him to summary judgment. He points to Castevens's purported statement, followed by the conversation that Jackson could not hear, as evidence from which a factfinder could hold Bowers and McGuire liable.

Particularly when reviewing the evidence in the light most favorable to the non-moving parties, I cannot agree. Jackson simply presented no competent evidence of retaliatory intent by these two defendants or a causal connection between his protected activity and any retaliation by them. Likewise, he presented insufficient evidence to show that Bowers or McGuire knew what Castevens was about to do or that they had a reasonable opportunity to prevent the harm, as required to state a bystander liability claim. *See Randall v. Prince George's Cty.*, 302 F.3d 188, 204 (4th Cir. 2002). Thus, I will deny Jackson's motion to reconsider.

 **B. Bowers and McGuire's Motion for Summary Judgment**

Bowers and McGuire have moved for summary judgment as to all claims against them. As to the bystander liability claim, their primary argument is that they did not know that Castevens was about to activate Jackson's belt and thus did not have time to intervene.

As to Jackson's retaliation claim, their argument is two-fold. First, they argue that they did not take any action against Jackson at all and thus cannot be held liable for retaliation. Second, they contend that they could not have had retaliatory intent, as neither of them had any knowledge that Jackson had filed any grievance or otherwise engaged in protected activity.

7

Bowers and McGuire also briefly address each of the other miscellaneous claims referenced in passing in Jackson's complaint, although they note that it is unclear whether these claims survived the motion to dismiss. Defendants also provide legal and/or factual arguments as to why they are entitled to summary judgment as to each such claim. In his response, Jackson does not address any of the arguments concerning the other claims. His only reference to those claims is a request that the court "apply the state tort claims in relation to the existing federal claims." (Opp'n Mot. Summ. J. 8, Dkt. No. 55.) His failure to respond could be interpreted as non-opposition to summary judgment on those claims. In any event, I conclude that those claims are subject to dismissal for the reasons explained by Bowers and McGuire.[6] (*See* Mem. Supp. Mot. Summ. J. 8–14, Dkt. No. 53.)

1. **Summary Judgment Standard**

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In making that determination, I must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

---

[6] Those reasons are listed briefly here. First, both the federal and state-law conspiracy claim are subject to dismissal or summary judgment because Jackson has failed to adequately plead or present evidence to show a meeting of the minds as required for a conspiracy claim; this is true of conspiracy claims against all the defendants. Second, the complaint does not articulate any basis for either a procedural or substantive due process claim. Third, Virginia does not recognize cause of action for "retaliation" in this context, and so that claim is dismissed. Fourth, Jackson's claims under Article I, Sections 9 and 12 of the Virginia Constitution, fail because those provisions are not self-executing and thus do not provide an independent basis for a private right of action. Fifth, Jackson has not alleged or shown that Bowers or McGuire engaged in conduct sufficient to state a common-law claim for gross negligence or intentional infliction of emotional distress.

As to the first four of these grounds, I also will dismiss the same claims against Castevens, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The gross negligence and intentional infliction of emotional distress claims include have been plausibly alleged against Castevens and will be set for trial.

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

### 2. Bystander Liability

An officer may be liable under the theory of bystander liability if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall*, 302 F.3d at 204. Here, even if the fact-finder were to credit Jackson's allegation that Castevens said to him, "a lesson was about to be taught," that does not establish that either Bowers or McGuire knew what Castevens was going to do, or that they had a reasonable opportunity to intervene and prevent the harm. Instead, the undisputed evidence from their own affidavits is that they "had no knowledge, prior to the activation, that offender Jackson was about to be shocked. The stun belts work by depressing both buttons on the remote, and once the buttons have been pressed, a single shock, of approximately 8 seconds in duration, is administered. Once Officer Castevens pressed those buttons, there was nothing that I could have done to intervene and stop the electric current that had already been remotely triggered." (Bowers Aff. ¶ 5; *see also* McGuire Aff ¶ 5 (stating that he had no prior knowledge that Jackson was about to be shocked and that, once the belt was activated, there was nothing that he could have done to intervene and stop the shock).)

9

In light of this evidence, neither Castevens's prior comment nor Jackson's conjecture and speculation about what the officers might have discussed during their subsequent conversation is sufficient to create a genuine dispute of fact on whether Bowers or McGuire had a reasonable opportunity to intervene. Accordingly, they are entitled to summary judgment on the bystander liability claim. *Cf. Johnson v. Dep't of Alcoholic Beverage Control*, No. 3:15-CV-00055, 2016 WL 7235836, at *7 (W.D. Va. Dec. 13, 2016) (granting summary judgment for defendant as to bystander liability claim where defendant had no opportunity to intervene and distinguishing cases where either an attack lasted for multiple minutes or there were multiple times when another defendant assaulted the plaintiff).

### 3. Retaliation

"A plaintiff seeking to assert a § 1983 claim on the ground that he experienced government retaliation for his First Amendment-protected speech must establish three elements: (1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). The causation element is "rigorous" because the "claimant must show that 'but for' the protected expression the [defendant] would not have taken the alleged retaliatory action." *Id.*; *see Tobey v. Jones*, 706 F.3d 379, 390 (4th Cir. 2013). Thus, "[i]n order to establish [a] causal connection, a plaintiff in a retaliation case must show, at the very least, that the defendant was aware of [him] engaging in protected activity." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005).

Critically, Jackson does not identify any retaliatory act taken by either of these defendants, and his retaliation claim fails for this reason alone. Moreover, as I noted in my prior opinion, Jackson has not presented evidence to show a retaliatory intent by Bowers or McGuire. Additionally, the record now contains their affidavits, which disclaim not only retaliatory intent,

10

but also disclaim knowledge that Jackson had engaged in any protected activity.[7] Thus, there is insufficient evidence from which a jury could find the required causal connection for Jackson's retaliation claims against Bowers and McGuire. *See Constantine*, 411 F.3d at 501.

### III. CONCLUSION

For the reasons stated, I will grant Castevens's motion to reconsider and vacate the grant of summary judgment against him. Instead, I conclude that there are disputes of fact as to Jackson's excessive force and retaliation claims against Castevens. A trial will be set on those claims. Additionally, as Castevens has not moved for summary judgment as to the gross negligence and intentional infliction of emotional distress claims against him, which are the only other miscellaneous claims that I do not summarily dismiss, those claims will also be tried. I will grant the summary judgment motion of Bowers and McGuire as to the bystander liability and retaliation claims against them and also grant their motion insofar as it relates to all remaining miscellaneous claims in Jackson's complaint. An appropriate order will be entered.

**ENTER**: This 4th day of March, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[7] Arguably, there is a dispute of fact as to their knowledge, because Jackson avers that Castevens made a statement, while Bowers and McGuire were present, about Jackson filing grievances. Regardless, Jackson has not presented any facts to show that Bowers or McGuire took any action at all, let alone acted with retaliatory intent.