IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDRE JACKSON, | ) | |
| Plaintiff, | ) ) | Case No. 7:18cv00362 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| C/O B. CASTEVENS, | ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendant. | ) | |

Plaintiff Andre Jackson brought this 42 U.S.C. § 1983 action against several correctional officers following an incident where his Remote Activated Custody and Control ("RACC") belt was activated—causing an electrical shock to course through his body—without cause. The court[1] previously granted Plaintiff's motion for summary judgment when the sole remaining defendant, C/O B. Castevens, failed to respond to Plaintiff's motion. Upon reconsideration, the court vacated that grant of summary judgement and reinstated the claims against Castevens. Jackson now asks the court to reconsider *that* decision, which was entered over a year ago.[2] For the reasons that follow, the court declines to do so.

---

[1] This case was initially assigned to the Hon. Norman K. Moon, Senior United States District Judge. Judge Moon originally granted Plaintiff's motion for summary judgment against Castevens (*see* Order, July 12, 2019 [ECF No. 48]) when Castevens failed to oppose Plaintiff's motion. Because the court was only able to consider Plaintiff's version of the facts, there was no genuine dispute over Plaintiff's claims and the court entered summary judgment. (*See* Mem. Op. pg. 4, July 12, 2019 [ECF No. 47].) On reconsideration, the court vacated its order of judgment against Castevens. (Order, Mar. 4, 2020 [ECF No. 57].) The court reasoned that its prior order represented a "manifest injustice" to Castevens, the parties, and the cause of justice. (*See* Mem. Op. pg. 5, Mar. 4, 2020 [ECF No. 56].) Judge Moon transferred this case to the undersigned on September 18, 2020, and Plaintiff mailed his motion to vacate the March 4, 2020, ruling on March 4, 2021. [ECF No. 78.]

[2] The court construes Plaintiff's motion to vacate as one seeking review under Rule 54(b), which does not set a time limit for reconsideration. If the court were to construe Plaintiff's motion as one to alter or amend the judgment under Fed. R. Civ. P 59(e), it would be untimely, as that rule requires any such motion to be filed "no later than 28 days after the entry of the judgment." A motion for relief from a final judgment, order, or

Pursuant to Federal Rule of Civil Procedure 54(b), "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties[,] does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "The Fourth Circuit has offered little guidance on the standard for evaluating a Fed. R. Civ. P. 54(b) motion, but has held motions under Rule 54(b) 'are not subject to the strict standards applicable to motions for reconsideration of a final judgment.'" *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, Case No. 0:11-cv-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)). Such a distinction arises "because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe*, 326 F.3d at 514–15. "In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54(b) motion, look to the standard for a motion under Fed. R. Civ. P. 59 for guidance. Therefore, the following are appropriate reasons for granting a Rule 54(b) motion: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Joe Hand*, 2012 WL 6210334, at *2 (citing *Beyond Sys., Inc. v. Kraft Foods, Inc.*, Case No. PLM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010)). But "a motion for reconsideration is not

---

proceeding must be filed "within a reasonable time . . . ." Fed. R. Civ. P. 60(c)(1). That rule sets a maximum time limit for filing such a motion of one year "after the entry of the judgment or order or the date of the proceeding," but *only* if the motion asserts "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence . . ."; or "fraud (whether previously called extrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Id.* (citing Fed. R. Civ. P. 60(b)(1), (2), and (3)). Because Plaintiff does not allege any of those enumerated bases for reconsidering the order, a motion under Rule 60(b) would also be untimely. Plaintiff's motion was submitted to the prison for mailing on March 4, 2021 (*see* ECF No. 78 pg. 5), and the order he seeks to vacate was entered on March 4, 2020.

an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Id.*

Here, Plaintiff does not raise any issue not already considered—and rejected—by Judge Moon. He asserts that Castevens failed to respond to his original motion for summary judgment in the appropriate time frame; that Castevens never denied Plaintiff's claim and that, in fact, he admitted the incident occurred; that Castevens, even despite a change in counsel, had adequate time to respond to his motion; that Castevens failed to present evidence in support of his position; that Plaintiff "has already been granted Summary Judgment against defendant B. Castevens for the amount of $150,000 and for monetary damages of $50 a day for each day plaintiff served at a level 5 institution"; that Plaintiff presented the court with evidence "in the appropriate time frame" and that Castevens's only defense was that he did not receive notice of the motion for summary judgment "when he clearly knows he is getting sued"; that Plaintiff is taking medications due to the injuries he sustained when Castevens activated his RACC belt; that the Warden at River North Correctional Center knows the incident took place but "lied" about knowing; and, that if *he* fails to respond in a timely manner, "the plaintiff's claim is automatically dismissed with **No** exceptions!!" [ECF No. 78.] Of those relevant considerations,[3] Judge Moon considered them all. Accordingly, Plaintiff's motion is

---

[3] The court is unclear what relevance a prior entry of judgment against Castevens has in the present action. Plaintiff, who is now represented by experienced counsel, will have a full and fair opportunity to challenge Castevens's account and his credibility at trial, including the officer's claim that his actions were inadvertent. Plaintiff's claim that he is taking medications for his injuries is relevant to his damages, not to his motion. Furthermore, as the warden is not a party to this action, whether or not he lied has no bearing on whether Plaintiff was entitled to judgment as a matter of law; the warden's motion to dismiss was granted on July 12, 2019. (Order, July 12, 2019 [ECF No. 46].) If Jackson's counsel determines that the warden's testimony would be helpful to Jackson at trial, he can call him as a witness.

nothing more than an attempt to "rehash issues already ruled upon because [Plaintiff] is displeased with the result." *Joe Hand*, 2012 WL 6210334, at *2.

As noted above, reconsideration of a prior ruling under Rule 54(b) is only proper: "(1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* Plaintiff has not pointed to a change in the controlling law, new evidence, or clear error or manifest injustice, and therefore his motion is improper as a matter of law.

For all these reasons, the court will deny Jackson's motion to vacate the court's prior order.

The clerk is directed to forward a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 12th day of April, 2021.

                                              */s/ Thomas T. Cullen*
                                              HON. THOMAS T. CULLEN
                                              UNITED STATES DISTRICT JUDGE